

**U. S. Department of Justice**

United States Attorney
Northern District of Iowa

---

600 Fourth Street
Suite 670
Sioux City, IA 51101

712-255-6011
712-252-2034 (fax)
712-258-4761 (tty)

March 26, 2025

Ms. Brittany Hedstrom
Federal Public Defender Office
Sioux City, Iowa 51101

    Re:    *United States v. Samantha Ann Meyer-Davis,*
             24-CR-3028

Dear Ms. Hedstrom:

    This letter will serve as a SECOND memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Samantha Ann Meyer-Davis, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on March 31, 2025, unless otherwise extended by the government.

## CHARGES AND PENALTIES

    1. Defendant will plead guilty to Counts 1 of the Indictment filed on July 17, 2024. Count 1 charges Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and 2251(e).

    2. Defendant understands that Count 1 of the Indictment is punishable by a mandatory minimum sentence of 15 years' imprisonment and the following maximum penalties: (1) not more than 30 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of at least 5 years to life. **In this case, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties have agreed defendant shall be sentenced to a term of imprisonment between 210-288 months.**

GOVERNMENT
EXHIBIT
1
CR24-3028

3. Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case **with an agreement by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that defendant shall be sentenced to a term of imprisonment between 210-288 months.**

4. At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charges specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional Title 18-related criminal charges based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

5. Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea. Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

6. Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be detained pending sentencing. This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date. Defendant, and defendant's attorney understands that at least seven days prior to the scheduled plea hearing the government must be notified if defendant plans to argue release due to exceptional circumstances.

**NON-COOPERATION**

7. *SMD* Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

**STIPULATION OF FACTS**

8. *SMD* By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

> *SMD* A. Between on or about May 1, 2022, and November 14, 2023, in the Northern District of Iowa and elsewhere, defendant, used, persuaded, induced, enticed, and coerced, and attempted to use, persuade, induce, and entice, and coerce, a minor under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and for the purpose of transmitting live visual depictions of such conduct, causing

and attempting to cause said visual depictions to be produced using materials that had previously been shipped and transported in and affecting interstate and foreign commerce, knowing and having reason to know that said visual depictions would be transported and transmitted in and affecting interstate and foreign commerce and using a means and facility of interstate and foreign commerce, and said visual depictions were transported and transmitted in and affecting interstate and foreign commerce and using a means and facility of interstate and foreign commerce.

B. Between on or about May 1, 2022, and November 14, 2023, in the Northern District of Iowa and elsewhere, defendant, using a facility and means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced, and attempted to persuade, induce, entice, and coerce, a minor, a person who defendant believed to be under the age of 18 to engage in sexual activity for which a person could be charged with a criminal offense, that is, sexual abuse in the third degree under Iowa Code Section 709.4(1)(b)(2)(d) and sexual exploitation of a child under Title 18 U.S.C. § 2251(a).

C. Between on or about May 1, 2022, and November 14, 2023, in the Northern District of Iowa and elsewhere, defendant, knowingly received and attempted to receive visual depictions of child pornography.

D. Between on or about May 1, 2022, and November 14, 2023, in the Northern District of Iowa and elsewhere, defendant, knowingly possessed and attempted to possess visual depictions of child pornography.

E. Between on or about May 1, 2022, and November 14, 2023, defendant sexually exploited Jane Doe.

F. Starting in the fall of 2022, there were rumors of an inappropriate relationship between Jane Doe and defendant. Students at school were interviewed about the relationship, and defendant met with school administrators twice in August and once in September regarding the relationship. Defendant was

  reminded of her professional and ethical obligations to her students and encouraged to cease and desist in any relationship with Jane Doe outside of school.

G. On September 7, 2023, Humboldt County Sheriff's Office was made aware of an alleged sexual relationship between a student, Jane Doe, and defendant.

H. In October 2023, interviews were conducted with Jane Doe, her friends, and family. During the interviews, there were continued rumors of Jane Doe and defendant's relationship.

I. On November 2, 2023, a search warrant was executed by HCSO into a separate sexual abuse investigation, resulting in the seizure and data extraction of Jane Doe's cell phone. During the data extraction, it was evident that Jane Doe and defendant were in a sexual relationship that had been going on for a substantial period. The messages contained sexually explicit text messages, photographs, and videos dating back to at least October 19, 2022, through November 2023. [handwritten: not involving the defendant SMD ✗ 3H ✗ R,J,F]

J. On November 14, 2023, multiple search warrants were executed to include the victim's residence, defendant's classroom, residence, and vehicle. Law enforcement seized handwritten letters from Jane Doe to defendant, multiple electronic/storage devices, and adult sex toys shipped to defendant's address in Jane Doe's name.

K. On November 14, 2023, an interview with defendant was conducted regarding the alleged relationship between defendant and Jane Doe Defendant initially denied there was any inappropriate contact and sexual talk with Jane Doe Defendant denied ever exchanging any pictures with Jane Doe Defendant was asked by law enforcement if she exchanged any pictures where she and Jane Doe were in their underwear or undressed. Defendant responded, "No, absolutely not." Defendant denied ever asking Jane Doe to send pictures of her naked or in a state of undress. Law enforcement asked if defendant and Jane Doe ever kissed, defendant stated no. When asked by law enforcement if defendant and Jane Doe had ever cuddled,

  defendant indicated they had not, but defendant indicated she would give Jane Doe hugs when Jane Doe was struggling.

L. Defendant denied all inappropriate contact or relationship with Jane Doe until law enforcement confronted defendant with a printed picture which showed defendant and Jane Doe kissing while Jane Doe was wearing only a bra and pants.

M. Defendant admitted to communicating with victim through SnapChat, Facebook Messenger, text messages, and phone calls. Defendant admitted there was graphic sexual content in text threads between defendant and victim.

N. On November 23, 2023, a search warrant for Facebook accounts belonging to defendant and Jane Doe showed that defendant was involved in the sexual exploitation of the victim, as well as dissemination and exhibition of obscene materials to the victim, and possession of child pornography.

O. Throughout the communications between defendant and Jane Doe there were 136 photographs and 61 videos exchanged related to and depicting child pornography.

P. The images and videos involved material that portrayed sadistic or masochistic conduct.

Q. On February 23, 2024, an arrest warrant was issued for defendant for Sexual Abuse in the Third Degree and Sexual Exploitation by a School Employee in Humboldt County Iowa District Court, case number FECR011752.

## SENTENCING PROVISIONS

9. Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. The Court may also consider other information concerning the background, character, and conduct of defendant.

10. SMD Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court shall be bound by the terms of this plea agreement, including the sentencing range ~~as determined under the sentencing guidelines~~ of 210 to 288 months as agreed to by the parties. If the Court does not agree to be bound, neither party shall be bound by, or held to perform, the obligations imposed by this agreement, and the agreement shall be rendered null and void.

x SMD
x BH
x [initials]

11. SMD Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

12. SMD The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

13. SMD Defendant understands that, pursuant to the Victim and Witness Protection Act, Title I of the Justice for All Act, and the regulations promulgated under the Act by the Attorney General of the United States:

A. The victim of a crime is given the opportunity to comment on the offense and make recommendations regarding the sentence to be imposed. Defendant understands the victim's comments and recommendations may be different from those of the parties to this agreement.

B. The government is required to consult with victims of serious crimes to obtain their views regarding the appropriate disposition of the case against defendant and to make any such information regarding sentencing known to the Court. Defendant understands any victim's opinions and recommendations may be different from those presented by the government.

    C.    The government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly complicate the sentencing proceeding," and the Court is authorized to order restitution by defendant to victims of crime, including, but not limited to, restitution for property loss, personal injury, or death.

## CONDITIONS OF SUPERVISION

14. _SMD_ If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

## FINANCIAL MATTERS

15. _SMD_ Defendant agrees to pay a special assessment of $100 per count, for a total of $100, as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court using the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue, SE, Box 12, Cedar Rapids, IA 52401. If payment is made in the form of a check or money order, it should be made out to the "U.S. District Clerk of Court." The special assessment must be paid before this signed agreement is returned to the U.S. Attorney's Office. If defendant fails to pay the special assessment prior to the sentencing, defendant stipulates that a downward adjustment for acceptance of responsibility under USSG §3E1.1 is not appropriate unless the Court finds defendant has no ability to pay prior to the sentencing. If defendant fails to pay the special assessment prior to the sentencing, defendant stipulates that a downward adjustment for acceptance of responsibility under USSG §3E1.1 is not appropriate unless the Court finds defendant had no ability to pay prior to the sentencing.

16. _SMD_ Defendant agrees that defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offense(s) to which defendant is pleading guilty pursuant to any applicable restitution statute. Defendant also agrees that, in return for the dismissal of charges, defendant will pay additional restitution for the full amount of the victims' losses to all victims of any offense(s) dismissed as a result of this plea agreement. For purposes of this paragraph, the terms "victim" and "full amount of the victims' losses" are defined in 18 U.S.C. § 2259. For purposes of this paragraph, the term "victim" includes both statutory victims and persons directly and proximately

harmed as a result of the conduct outlined in this paragraph; defendant agrees to pay restitution to non-statutory victims pursuant to 18 U.S.C. §§ 3663 and 3663A. Defendant further understands the amount of loss sustained by each victim will be investigated during the course of preparation of the presentence investigation report. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Defendant agrees that full restitution will be ordered regardless of defendant's financial resources. Any restitution obligation should be paid to the Clerk of Court for eventual disbursement. Complete restitution shall be due and payable at or before the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation. Any restitution obligation should be paid to the Clerk of Court for eventual disbursement to the victim. Complete restitution shall be due and payable at or before the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by e.g. set-off of program payments, execution on exempt and non-exempt property or any other means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

17. Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations, and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against

defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

18. *SMD* Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## FORFEITURE

19. *SMD* Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's vehicle, residence etc. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57B(f) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

21. *SMD* Defendant agrees to voluntarily disclose, forfeit, abandon, give up, and give away to the United States, or any law enforcement agency designated by the United States, prior to the date of sentencing herein, any right, title and interest defendant may have in property subject to forfeiture under the United States Code, including 21 U.S.C. §§ 853 and 881, and 18 U.S.C. §§ 924, 981 and 982.

22. *SMD* Within two weeks of signing this agreement, defendant agrees to provide the United States Attorney's Office for the Northern District of Iowa with written documentation of defendant's ownership or right, title, or interest in the aforementioned property. In the event defendant is unable to provide documentation of defendant's right, title, or interest in such property within two

Ms. Brittany Hedstrom
United States v. Samantha Ann Meyer-Davis
March 26, 2025
Page 11

weeks of signing this agreement, defendant shall relinquish custody of that property to the United States at that time, or at any subsequent time agreed to by the United States, upon demand of the government.

23. SMD Defendant agrees not to waste, sell, dispose of, or otherwise diminish the value of any items or property referred to in the above paragraphs or allow others to do so. Defendant further agrees not to contest any forfeiture action or proceeding brought on behalf of any government agency involved in this investigation that seeks to forfeit property described in the above paragraphs.

24. SMD Defendant agrees and understands that, should defendant fail to truthfully account for all of defendant's holdings, proceeds, assets, or income, whether derived from a legal source or not, for the period charged, defendant shall be deemed to have materially breached this agreement. The decision as to whether defendant has been complete, forthright, and truthful in this regard shall be in the sole discretion of the United States Attorney's Office, taking into consideration the totality of the circumstances and the totality of the evidence developed in the course of the investigation.

## GENERAL MATTERS

25. SMD Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

26. SMD If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand

jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

27. *SMD* Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

28. *SMD* Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

## WAIVER OF APPEAL

29. *SMD* After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and the sentence imposed, or to request or receive any reduction in sentence by operation of 18 U.S.C. § 3582(c)(2). Defendant also waives the right to appeal any non-jurisdictional

issues, including but not limited to any issues relating to restitution. Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. Defendant's waiver of the rights set out above includes defendant's waiver of the rights (1) to contest, facially or as applied, the constitutionality of the statute(s) under which defendant is pleading guilty, (2) to contest, facially or as applied, the constitutionality of the statute(s) or guidelines under which defendant will be sentenced, (3) to argue that defendant's conduct does not fall within the scope of these statute(s) or guidelines, or (4) to challenge the voluntariness of defendant's guilty plea. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement, or (2) if the sentence imposed exceeds the maximum statutory penalty. This waiver does not, however, prevent defendant from challenging the effectiveness of defendant's attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the Court will note defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be, *if the court refuses to be bound by this plea agreement and if defendant proceeds to open sentencing.* x SMD x BH x [initials]

## ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

30. SMD Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant agrees defendant's attorney has represented defendant in a competent manner and has no complaints about that lawyer's representation. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other

substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement. **No assurances or promises have been made by any party as to what defendant's ultimate sentence will be in the event this Court rejects the parties' joint recommendation and defendant proceeds with open sentencing**

31. *SMD* Defendant acknowledges that prior plea offers including those dated January 10, 2025, have expired or been rejected. Defendant agrees defendant was notified of the plea offer(s) and defendant had a full and complete opportunity to discuss these offer(s) with defense counsel prior to the expiration or rejection date.

32. *SMD* Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

33. *SMD* Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

34. *SMD* Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student. Defendant understands the requirements for registration include

providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information. Defendant further understands the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine, imprisonment, or both.

## VERIFICATION

35. _SMD_ This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

TIMOTHY T. DUAX
United States Attorney

By, /s/ *Kraig R. Hamit*
KRAIG R. HAMIT
Assistant United States Attorney

**ENCLOSURES:**
Financial Statement Form
Special Assessment Payment Coupon
Consent to Proceed Before Magistrate Judge

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

_____  4/21/2025      _____  4/22/25
SAMANTHA ANN MEYER-DAVIS    Date        KRAIG R. HAMIT            Date
Defendant                               Assistant United States Attorney


_____  4/21/25
BRITTANY HEDSTROM          Date
Attorney for Defendant